IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KATELYN HANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) File No. |
| TORTAS LAS TORTUGAS LLC and | ) |
| BORUCH FRISHMAN, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, KATELYN HANKS, by and through the undersigned counsel, and files this, his Complaint against Defendants, TORTAS LAS TORTUGAS LLC and BORUCH FRISHMAN, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' TORTAS LAS TORTUGAS LLC and BORUCH FRISHMAN, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff, KATELYN HANKS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Dallas County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in

1

performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, TORTAS LAS TORTUGAS LLC (hereinafter "TORTAS LAS TORTUGAS LLC"), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

8. Defendant, TORTAS LAS TORTUGAS LLC, may be properly served with process via its registered agent for service, to wit: Raul M. Solis, Registered Agent, 2942 S. Sunbeck Drive, Farmers Branch, TX 75234.

9. Defendant, BORUCH FRISHMAN (hereinafter "BORUCH FRISHMAN"), is an individual who transacts business in the State of Texas and within this judicial district.

10. Defendant, BORUCH FRISHMAN, may be properly served with process via service, to wit: 11808 Jamestown Road, Dallas, TX 75230.

**FACTUAL ALLEGATIONS**

11. PICK UP HERE On or about October 9, 2019 Plaintiff was a customer at "Tortas Las Tortugas," a business located at 14510 Josey Ln, Dallas, TX 75234, referenced herein as the "Tortas Las Tortugas."

12. Tortas Las Tortugas is operated by Defendant, TORTAS LAS TORTUGAS LLC.

13. TORTAS LAS TORTUGAS LLC is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates Tortas Las Tortugas.

14. BORUCH FRISHMAN is the owner or co-owner of the real property and improvements that Tortas Las Tortugas is situated upon and that is the subject of this action, referenced herein as the "Property."

15. As of the filing of this Complaint, Plaintiff is in the process of moving but is limiting her apartment search to northern Dallas, despite the location of her next apartment Plaintiff is pledging to return to the Property as soon as reasonably possible after the barriers to access are removed from the Property and Tortas Las Tortugas.

16. Plaintiff's access to the business(es) located at 14510 and 14500 Josey Ln, Dallas, TX 75234, Dallas County Property Appraiser's parcel number 65108858210170000 and 24088500010160100 (collectively the parcels are referred to as "the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants, TORTAS LAS TORTUGAS LLC and BORUCH FRISHMAN, are compelled to remove the physical barriers to access and correct the ADA violations that exist at Tortas Las Tortugas and the Property, including those set forth in this Complaint.

17. The Property is comprised of two parcels, however the Property should be considered one "site" for purposes of enforcement of the ADA because the two parcels are owned by the same owner, Defendant BORUCH FRISHMAN. Moreover, if one visits the Property, there is no barrier or clear demarcation separating the parcels. There are a total of four buildings on these two parcels and they share a common parking lot.

18. Plaintiff has visited Tortas Las Tortugas and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting Tortas Las Tortugas and the Property within six months or sooner, after the barriers to access detailed in this Complaint are removed and Tortas Las Tortugas and the Property are accessible again. The purpose of the revisit is to be a regular customer, to determine if and when Tortas Las Tortugas and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

19. Plaintiff intends on revisiting Tortas Las Tortugas and the Property to purchase food and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

20. Plaintiff travelled to Tortas Las Tortugas and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Tortas Las Tortugas and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Tortas Las Tortugas and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

21. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

22. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing

5

> discrimination against individuals with disabilities; and
>
> * * * * *
>
> (iv)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

24.   The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

25.   The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

26.   Tortas Las Tortugas is a public accommodation and service establishment.

27.   The Property is a public accommodation and service establishment.

28.   Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

29.   Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

30.   Tortas Las Tortugas must be, but is not, in compliance with the ADA and ADAAG.

31.   The Property must be, but is not, in compliance with the ADA and ADAAG.

32.   Plaintiff has attempted to, and has to the extent possible, accessed Tortas Las Tortugas and the Property in her capacity as a customer of Tortas Las Tortugas and the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities

resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Tortas Las Tortugas and the Property that preclude and/or limit her access to Tortas Las Tortugas and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33. Plaintiff intends to visit Tortas Las Tortugas and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Tortas Las Tortugas and the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Tortas Las Tortugas and the Property that preclude and/or limit her access to Tortas Las Tortugas and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34. Defendants, TORTAS LAS TORTUGAS LLC and BORUCH FRISHMAN, have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Tortas Las Tortugas and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

35. Defendants, TORTAS LAS TORTUGAS LLC and BORUCH FRISHMAN, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, TORTAS LAS TORTUGAS LLC and BORUCH FRISHMAN, are compelled to remove all physical barriers that exist at the Tortas Las Tortugas and the Property, including those specifically

set forth herein, and make Tortas Las Tortugas and the Property accessible to and usable by Plaintiff and other persons with disabilities.

36. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Tortas Las Tortugas and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Tortas Las Tortugas and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) There are two accessible parking spaces on the north end of the building located at 14510 S. Josey Ln. Due to an inadequate policy of maintenance, both are not adequately marked and are in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii) There are two accessible parking spaces on the north end of the building located at 14510 S. Josey Ln. The Property has an accessible curb ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(iii) In the northwest corner of the building located at 14510 S. Josey Ln., the access aisle and the accessible parking space are not level due to the presence of an accessible ramp in the access aisle and the accessible parking space in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv)  In the northwest corner of the building located at 14510 S. Josey Ln., the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(v)  In the northwest corner of the building located at 14510 S. Josey Ln., the access aisle serving the accessible parking space has an excessive vertical rise exceeding ¼ inch and is in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vi)  The Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access public features of the Property.

(vii)  At 14500 Josey Ln, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(viii)  At 14500 Josey Ln., the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(ix)  At 14500 Josey Ln., the accessible parking space has excessive vertical rises exceeding ¼ inch, is not level and therefore in violation of Sections 303.2 and 502.4

9

of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(x) At 14500 Josey Ln., the accessible parking space is not level due to the presence of an accessible ramp in the accessible parking space in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xi) At 14524 Josey Ln, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xii) At 14524 Josey Ln, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xiii) At 14524 Josey Ln, the ground surfaces of the accessible parking space have a pothole that creates vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 302 and 303 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xiv) At 14524 Josey Ln, the accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xv)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS IN TORTAS LAS TORTUGAS**

(i)    The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii)    The door to the restrooms has a maximum clear width below 32 (thirty-two) inches in violation of Section 404.2.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii)    The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iv)    The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v)    The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi)    Due to a policy of keeping the trash receptacle under the sink, the restrooms have a sink with inadequate knee and toe clearance in violation of Section 306 of the 2010

   ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vii) The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(viii) The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is missing. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ix) The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(x) The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

37. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Tortas Las Tortugas and the Property.

38. Plaintiff requires an inspection of Tortas Las Tortugas and the Property in order to determine all of the discriminatory conditions present at Tortas Las Tortugas and the Property in

violation of the ADA.

39. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

40. All of the violations alleged herein are readily achievable to modify to bring Tortas Las Tortugas and the Property into compliance with the ADA.

41. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Tortas Las Tortugas and the Property are readily achievable because the nature and cost of the modifications are relatively low.

42. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Tortas Las Tortugas and the Property are readily achievable because Defendants, TORTAS LAS TORTUGAS LLC and BORUCH FRISHMAN, have the financial resources to make the necessary modifications. According to the Dallas County Property Appraiser, the Parcel of Land for 14510 Josey Ln has a land value of $909,420.00 and an improvement value of $352,420.00. Moreover, both Defendants may be entitled to a tax credit of up to $5,000.00 pursuant to IRS Code Section 44, entitled "Disabled Access Credit."

43. Upon information and good faith belief, Tortas Las Tortugas and the Property have been altered since 2010.

44. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

45. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants,

TORTAS LAS TORTUGAS LLC and BORUCH FRISHMAN, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Tortas Las Tortugas and the Property, including those alleged herein.

46. Plaintiff's requested relief serves the public interest.

47. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, TORTAS LAS TORTUGAS LLC and BORUCH FRISHMAN.

48. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, TORTAS LAS TORTUGAS LLC and BORUCH FRISHMAN, pursuant to 42 U.S.C. §§ 12188 and 12205.

49. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, TORTAS LAS TORTUGAS LLC and BORUCH FRISHMAN, to modify Tortas Las Tortugas and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, TORTAS LAS TORTUGAS LLC, in violation of the ADA and ADAAG;

(b) That the Court find Defendant, BORUCH FRISHMAN, in violation of the ADA and ADAAG

(c) That the Court issue a permanent injunction enjoining Defendants, TORTAS LAS TORTUGAS LLC and BORUCH FRISHMAN, from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, V, to (i) remove the physical barriers to access and (ii) alter Tortas Las Tortugas and the Property to make it

readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: November 16, 2019.                    Respectfully submitted,

THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
*Attorney-in-Charge for Plaintiff*
Northern District of Texas ID No. 54538FL
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., Suite 100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com

ATTORNEYS FOR PLAINTIFF
KATELYN HANKS